08-4579-cv
Clayborne v. OCE Business Serv.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of June, two thousand and ten.

PRESENT:
> ROGER J. MINER,
> ROBERT D. SACK,
> PETER W. HALL,
> > *Circuit Judges*.

_____

Glen M. Clayborne,

> *Plaintiff-Appellant*,

v.                                                                          No. 08-4579-cv

OCE Business Services,

> *Defendant-Appellee.*

_____

For Appellant:                        GLEN M. CLAYBORNE, *pro se*, Brooklyn, New York.

For Appellee:                         CLIFFORD R. ATLAS, MARJORIE KAYE, JR., Jackson & Lewis LLP, New York, New York.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND**

**DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Glen M. Clayborne, *pro se*, appeals from the judgment of the United States District Court for the Southern District of New York (Wood, J.), granting summary judgment to Appellee on Appellant's employment discrimination claims brought pursuant to Title VII of the Civil Rights Act of 1964. We assume the parties' familiarity with the facts and procedural history.

Upon a liberal construction of his brief, Appellant appears to be challenging summary judgment on his claims of unlawful termination. He does not assert in this Court any arguments that: (1) his 2004 performance evaluation was retaliatory; (2) the comments made by area supervisors and his assignment to unfavorable tasks amounted to a hostile work environment; (3) he was assigned unfavorable tasks as retaliation; or (4) any claims arising prior to March 2004 were timely. Thus, we find those claims and arguments are waived on appeal. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (holding that, when a litigant raises an issue before the district court but does not raise it on appeal, it is abandoned, and that this rule may be applied to *pro se* litigants). The only issue remaining on appeal is whether Appellant's termination was an act of discrimination and/or retaliation.

A district court's grant of summary judgment is reviewed *de novo*, construing the evidence in the light most favorable to the non-moving party. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). To establish a claim of discrimination based on race in a Title VII action, the burden shifting analysis under the *McDonnell-Douglas* framework applies. *See Mathirampuzha v. Potter*, 548 F.3d 70, 78 (2d Cir. 2008); *McGuinness v. Lincoln Hall*, 263 F.3d 49, 53 (2d Cir. 2001). Thus, a plaintiff must establish an initial *prima facie* claim of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802

2

(1973). The burden of production then shifts to the employer to demonstrate a legitimate, nondiscriminatory purpose for the employment decision. *Id.* Once the employer has met this burden, the burden shifts back to the plaintiff to demonstrate, by a preponderance of the evidence, that the nondiscriminatory reason was merely a pretext for discrimination. *Id.* at 804-05. The ultimate burden of persuasion is always on the plaintiff, who must demonstrate that the employer's action was prompted by an impermissible motive. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511-12, 518 (1993).

Here, as explained in more detail in the well-reasoned report and recommendation of the magistrate judge and the decision of the district court, Appellant did not establish a *prima facie* case and did not carry his burden of establishing that the reason proffered by Appellee OCE Business Services ("OBS") for the termination, *i.e.*, a reduction in the work force, was a pretext for discrimination. We also find to be without merit the Appellant's new assertions in his brief: (1) that OBS had a holiday party shortly after his termination sheds doubt on OBS's claim that it needed to cut its work force; and (2) that his manager, Brian Gurriere, had placed him in a permanent position in the accounting department undercuts the claim that the accounting department could not afford Appellant's salary.

First, Appellant did not present the holiday party argument in the district court. This Court generally will not consider an issue raised for the first time on appeal. *See Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976); *see also Virgilio v. City of N.Y.*, 407 F.3d 105, 116 (2d Cir. 2005), and Appellant has not established manifest or obvious injustice sufficient for us to exercise our discretion to consider the issue, *see Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 527 (2d Cir. 1990). Even if the allegation were to be considered, Appellant presented

3

no evidence to support his assertion that OBS had an employee holiday party or any evidence to connect the expense of a holiday party to OBS's need to cut its work force due to the loss of a client. The unsupported allegation is insufficient, therefore, to create a genuine issue of material fact to defeat a summary judgment motion. *See Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995) ("[M]ere conclusory allegations or denials in legal memoranda or oral argument are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist." (internal quotation marks omitted)); *see also United States v. 15 Black Ledge Drive*, 897 F.2d 97, 102-03 (2d Cir. 1990).

Next, to the extent Appellant argues that he was not a floating manager, he appears to assert that (1) he should not have been terminated with other floating managers; (2) Guerriere told him that he was terminated because the accounting department could not afford him; and (3) the reason given for his termination was false because Guerriere knew his salary before placing him in the position in the accounting department. Appellant acknowledged in his deposition, however, that at the time of his termination he was a floating manager, and he provided no evidence to establish that he held a permanent position in the accounting department. In addition, Appellant's latest performance evaluation stated that he was a floating manager. Conclusory allegations cannot create a genuine issue of fact, *see Fletcher*, 68 F.3d at 1456, nor may a party "create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony," *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996); *see also Raskin v. Wyatt Co.*, 125 F.3d 55, 63 (2d Cir. 1997). The undisputed evidence was that Appellant was a floating manager, and the unsupported assertions that Appellant held a

4

permanent position and that he was terminated under the pretext that the accounting department could not afford his salary are insufficient to create a genuine issue of fact. Even if Appellant were able to establish that he held a permanent position and that OBS's reason for his termination was therefore false, he provided no evidence to show that the real reason for his termination was discrimination. *See Fisher v. Vassar College*, 70 F.3d 1420, 1433 (2d Cir. 1995) (explaining that, to establish pretext, the plaintiff must show both that the reason was false and that discrimination was the real reason).

We have reviewed Appellant's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk